### NEW JERSEY INS CO et v BALL et

Ohio Supreme Court

No. 21124. Decided Jan. 23, 1929

JONES, J

On August 5, 1925 plaintiff insured his automobile against fire and theft with the New Jersey Insurance Company, with a loss payable clause to a chattel mortgagee. This policy contained a condition that the insurance should be null and void "if at the time a loss occurs there be any other insurance covering against the risks assumed by this policy which would attach if this insurance had not been effected". Subsequently without the consent of such insurer, other additional insurance upon the same property covering fire and theft was secured from another insurance company, whose policy contained substantially a similar condition. During the life of the two policies the automobile was stolen and destroyed by fire. HELD:—

**AUTOMOBILES**

(510 Lb) The condition in the insurance contract of the New Jersey Company voiding its insurance is reasonable and unambiguous and, like other contracts, is enforcible. The condition clearly invalidates its insurance if, at the time of loss, there was other insurance which would attach had the first insurance not been made or effected.

**INSURANCE**

(310 Pb) Where a policy of insurance is voided, a chattel mortgagee, having a loss payable clause therein, cannot be subrogated to the rights of the insured since he has none.

(310 C3) **Section 9584, General Code,** does not affect insurance contracts covering personal property. (**Insurance Co v Dennison,** 93 Ohio St., 404.) Said section cannot apply in any event, since it contemplates contribution between valid policies only. If one of the policies be invalid, no contribution can be enforced against it.

Kinkade, J Matthias and Day, JJ, concur.